615 A.2d 936

Thomas J. FINUCANE, Individually and on behalf of
all Pennsylvania Milk Consumers, Petitioner,

v.

PENNSYLVANIA MILK MARKETING BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 4, 1992.

Decided Sept. 2, 1992.

Thomas J. Finucane, for petitioner.

Randall N. Sears, for respondent.

Allen C. Warshaw, for intervenor PA Ass'n of Milk Dealers.

John J. Bell, for intervenor PA Farmers' Ass'n.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

COLINS, Judge.

Thomas J. Finucane (petitioner) petitions for review of Official General Order A–868 of the Pennsylvania Milk Marketing Board (Board), which order established a $1.05 per hundredweight "add-on" for Class I milk in the Commonwealth, for the period from July 1, 1991 through June 30, 1992.

The Board issued Official General Order A–868 (the Order) after a hearing conducted on May 9, 1991 upon petitions filed by the Pennsylvania Farmers' Association, the Atlantic Dairy Cooperative, the Pennsylvania State Grange, and the Pennsylvania Farmers' Union. As the Board stated in its findings of fact and conclusions of law, "[t]he hearing giving rise to [the Order] is the latest in a series of hearings and orders which

have granted various forms of relief to Pennsylvania farmers as the result of adverse weather and market conditions."

Petitioner presents four issues for this Court's review, all of which concern the Board's authority to set prices pursuant to Article VIII, Section 801 (Section 801) of the Milk Marketing Law (Law), Act of April 28, 1937, P.L. 417, *as amended*, 31 P.S. § 700j-801. Section 801 provides, in pertinent part:

> The board shall base all prices upon all conditions affecting the milk industry in each milk marketing area, including the amount necessary to yield a reasonable return to the producer, which return shall not be less than the cost of production and a reasonable profit to the producer, of the quantity of milk necessary to supply the consumer demand for fluid milk plus a reasonable reserve supply as determined by the board, and a reasonable return on aggregate milk sales by milk dealers or handlers and stores selling milk.... However where the board determines that the market for Pennsylvania produced milk is threatened it may establish producer prices designed to market the milk. In ascertaining such returns, the board shall utilize available information concerning producers' cost of production and a cross-section representative of producers, dealers and stores in the area and shall consider unit costs of various types of products and of various sizes of containers.
>
> .  .  .  .  .
>
> The board may, upon its own motion or upon application in writing, from time to time, alter, revise or amend an official order defining milk marketing areas or fixing prices to be charged or paid for milk.

31 P.S. § 700j-801.

■ Petitioner's first issue concerns whether, pursuant to Section 801 of the Law, formula pricing is permitted when the Board made no findings regarding whether there was an inadequate supply of milk or an inadequate reserve supply of milk, or whether the market was threatened. Petitioner appears to misconstrue the meaning of Section 801. That section authorizes the Board to set the prices paid to milk producers which "will be most beneficial to the public interest,

best protect the milk industry of the Commonwealth and insure a sufficient quantity of pure and wholesome milk to inhabitants of the Commonwealth...." The prices set by the Board shall be based "upon all conditions affecting the milk industry." Additionally, Article VIII, Section 803 of the Law 31 P.S. § 700j–803, provides that "[t]he board shall fix, by official order, the minimum prices or a formula for the setting of minimum prices to be paid by milk dealers or handlers to producers...." These sections of the Law vest the Board with broad discretion[1] in setting milk prices and in the method for determining those prices. *Finucane v. Pennsylvania Milk Marketing Board,* 135 Pa.Commonwealth Ct. 606, 581 A.2d 1023 (1990). The Law neither requires formula pricing nor requires certain findings to be made before formula pricing can be invoked.

■ Petitioner's second issue is as follows: "May the Board modify formula pricing when the federal base price drops by ordering a statewide add-on to Class I minimum producer prices?" According to petitioner, there is no statutory authority for such an add-on. Our review of the Law reveals that there is no prohibition to the establishment of an "add-on." As we stated previously, the setting of milk prices in the Commonwealth is within the Board's discretion, and the Board is required to consider all conditions affecting the milk industry, including the federal milk marketing system.

■ Petitioner's third issue concerns whether Section 801 of the Law permits the Board to establish an add-on without a mechanism to adjust that add-on. Section 801 of the Law provides a mechanism for altering a pricing order of the Board. The Board may alter an order upon its own motion or upon another's application in writing. Additionally, the Board, by setting an expiration date for the Order, has ensured that the propriety of the add-on will be reviewed upon the Order's expiration.

---

1. "We may only review the discretionary acts of public officials upon a showing of fraud, bad faith, capricious action, or abuse of discretion." *Lily Penn Food Stores, Inc. v. Pennsylvania Milk Marketing Board,* 80 Pa.Commonwealth Ct. 266, 272, 472 A.2d 715, 718–19 (1984).

■ Petitioner's final issue concerns whether Section 801 of the Law permits the Board to establish an add-on for Class I milk only. We find no merit in petitioner's argument that the Law does not authorize the Board to discriminate among the three classes of milk. As we stated previously, the Law vests the Board with great discretion in setting the price of milk. Additionally, Article VIII, Section 804 of the Law 31 P.S. § 700j–804, permits the Board's orders to "classify milk and milk dealers or handlers in any reasonable manner which the board deems advisable, and [permits the orders to] vary according to the classes to which they are applicable."

For the foregoing reasons, we affirm Official General Order A–868 of the Pennsylvania Milk Marketing Board.

## ORDER

AND NOW, this 2nd day of September, 1992, Official General Order A–868 of the Pennsylvania Milk Marketing Board, in the above-captioned matter, is affirmed.